UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ANDRE D ROSS, | ) |  |  |
|---|---|---|---|
| Petitioner, | ) |  |  |
| v. | ) | No. | 1:09-CR-62-HSM-SKL-1 |
|  | ) |  | 1:17-CV-282-HSM |
| UNITED STATES OF AMERICA, | ) |  |  |
| Respondent. | ) |  |  |

**MEMORANDUM OPINION**

This matter is before the Court on the "Motion to Vacate under 28 U.S.C. 2255" [Doc. 95],[1] filed by Andre D. Ross ("Petitioner"). In accordance with the Court Order [Doc. 92], Petitioner refiled his 2255 Motion on October 6, 2017 [Doc. 95]. The United States has responded in opposition [Doc. 100], to which Petitioner replied [Doc. 101]. This matter is now ripe for disposition.

**I. PROCEDURAL HISTORY**

On August 10, 2009, Defendant pled guilty to one count of possession with intent to distribute five grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). *United States v. Ross*, No. 1:09-CR-00062, 2017 WL 3015190, at *1 (E.D. Tenn. Jan. 17, 2017). Petitioner's Presentence Investigation Report ("PSR") held Petitioner accountable for 21.2 grams of crack, which at the time resulted in a base offense level of 26. *Id.* With Petitioner's criminal history category of VI, and taking into account a three level departure for acceptance of responsibility, Petitioner's advisory guideline range would typically have been 92 to 115 months'

---

[1] All references are to docket entries in case No. 1:09-CV-62 unless otherwise indicated.

incarceration. *Id. citing* Doc. 41 at 9. The PSR, however, categorized Petitioner as a Career Offender due to two prior convictions for Possession of Cocaine for Resale. *Id.* Accordingly, his advisory guideline range under the Career Offender provisions was 262 to 327 months (Offense level 34, criminal history category VI). *Id.* at 2–3.

On December 3, 2009, Petitioner filed a Motion for Sentence Below Advisory Sentencing Guidelines [Doc. 40]. In his memorandum in support, Petitioner argued that the 100:1 disparity in the treatment of offenses involving crack vs. powder cocaine was unsupportable, and that this justified a downward departure in his case [*See generally* Doc. 41]. Specifically, Petitioner petitioned the Court to sentence him to a career offender guideline range as though he had been charged with possession with intent to distribute *powder cocaine* (i.e., the Court should treat crack and powder cocaine at a 1:1 ratio) [Doc. 41 at 7–8]. This would have the effect of lowering Petitioner's offense level to 31, which would result in an advisory guideline range of 188 to 235 months' incarceration. [*Id.* at 8].

At Petitioner's sentencing hearing, the Court ultimately agreed with Petitioner, and found the advisory guideline range to be 188 to 235 months [Doc. 47 at 19]. The Court, however, sentenced Petitioner to 240 months' incarceration, citing Petitioner's extensive criminal history, the seriousness of the offense, promotion of respect for the law, general deterrence, and the need to protect the public from Petitioner, as reasons for the five-month upward departure [*Id.* at 27]. That sentence was affirmed on appeal [Doc. 48], and a petition for a writ of certiorari was denied on February 23, 2012 [Doc. 51].

Thereafter, Petitioner filed multiple motions for sentence reductions seeking a reduction under 18 U.S.C. § 3582(c) and Guidelines Amendments 750 and 782 [Docs. 54, 55, 57, 58, 63, 64, 68, 72]. This Court held that Petitioner was not eligible for a sentence reduction because his

sentence was based on his career-offender guideline range, not his guidelines range under the drug quantity schedule in U.S.S.G. § 2D1.1. This Court further concluded that, even if Petitioner had been eligible for sentence reduction under § 3582(c), it would nonetheless exercise its discretion and deny Petitioner's motions based, in part, on Petitioner's post-sentencing conduct, including that he "ha[d] racked up an astonishing twenty-two disciplinary sanctions, four of which occurred after he filed his first motion for a sentence reduction." [Doc. 56 p. 6-7]. Petitioner's appeal of this Court's Order denying his motions was dismissed as untimely filed [Doc. 93].

On February 3, 2014, Petitioner filed a Motion to File a Late § 2255 [Doc. 53]. Therein, he acknowledges that the one-year limitations period had already expired but argues that he is entitled to equitable tolling because "extraordinary circumstances beyond [his] control" prevented him from filing his Motion in a timely fashion [*Id*. at 3]. The Court ordered Petitioner to identify the merits of his claim(s) and address whether equitable tolling should apply [Doc. 92]. In compliance with the Court's order, Petitioner filed his § 2255 Motion on October 6, 2017 [Doc. 96]. Respondent filed a response in opposition and Petitioner filed a reply to Respondent's response [Docs. 100, 101].

## II. STANDARD OF LAW

28 U.S.C. § 2255 provides, in relevant part:

A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental actions;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). This statute of limitations, however, is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he: (1) diligently has pursued his rights and (2) was prevented from timely filing the petition because an extraordinary circumstance stood in his way. *Holland*, 560 U.S. at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A court must decide whether to toll the statute on a case-by-case basis. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002). Federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook*, 295 F.3d at 521. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

### III. ANALYSIS

There is no dispute that petitioner's § 2255 petition was filed well over a year after his judgment became final. In this case, Petitioner's judgment became final on February 23, 2012, the day the Supreme Court denied his petition of a writ of certiorari [Doc. 51]; *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("[C]ourts of appeal have uniformly concluded that, if a prisoner petitions for certiorari, the contested conviction becomes final when the Supreme Court either denies the writ of issues a decision on the merits.") (internal quotations omitted). Petitioner did not file his motion for leave to file an untimely § 2255 motion until February 3, 2014, nearly two years after the judgment became final [Doc. 53].

Upon finding that Petitioner's motion was not timely filed under the statutory period of limitations, the Court will now consider whether equitable tolling is proper in this case. Petitioner

argues that his transfer from USP Pollock to USP Victorville created an extraordinary circumstance that prevented him from timely filing his § 2255 Motion [Doc. 95]. Petitioner alleges that he arrived at USP Victorville on June 19, 2012, just shy of four months after the Supreme Court denied his petition for writ of certiorari [Doc. 95]. In May of 2013, Petitioner mailed a letter to his counsel inquiring about the status of his cert petition [*Id.*]. On May 31, 2013, Petitioner received a letter from his counsel and a copy of the court's denial of his writ of certiorari [*Id.*]. Also, in the letter, counsel stated that her "records show[ed] that a letter was sent to USP Pollock with that information in March 2012" [Doc. 53-1, Doc. 100 p. 5]. Petitioner claims that although he was incarcerated at USP Pollock at the time this letter was sent, he never received the letter from counsel [Doc. 95 p. 14]. He claims he was first notified of the denial of the petition for a writ of certiorari one year and three months after the order was filed and well beyond the one-year statute of limitations [*Id.*].

Respondent, however, argues that Petitioner's argument lacks merit, because Petitioner has not established that he was pursuing his rights diligently [Doc. 100 p. 5]. The Court agrees with Respondent that equitable tolling is not warranted in this case. First, even if Petitioner is correct that he never received the letter from counsel notifying him of the denial of his writ of certiorari, Petitioner has an independent duty to monitor the status of his case while he is in transit. [Doc. 100 p. 5, *citing Brown v. United States*, 20 F. App'x 373 (6th Cir. 2001) (holding that the petitioner had "failed in his duty to monitor the status of his appeal" and that his argument that he was in transit for ninety days did not establish excusable neglect sufficient to toll the limitations period). Moreover, Respondent argues, and this Court agrees, that even if Petitioner's counsel sent the letter to the wrong facility, attorney mistakes or errors regarding prison transfers are not the type of "extraordinary circumstances" that will support tolling the statute [Doc. 100 p. 6, *citing Elliott v.*

5

*Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) (holding that an attorney's mistake that resulted in a petitioner's untimely habeas petition was not a basis for tolling the limitations period where the petitioner "failed to monitor the status of his appeal and diligently pursue § 2254 relief").

Furthermore, Petitioner makes no attempt to show why it took approximately eight months after learning of the expired deadline to file a "Motion to File a Late § 2255" [Doc. 53]. Petitioner has not alleged any extraordinary circumstances in that eight-month period that prevented him from filing a motion immediately after finding that the one-year statute of limitations had recently passed. The amount of time between finding out about the denied writ of certiorari and when he filed a § 2255 motion shows Petitioner's lack of diligence in pursuing this case.

Petitioner falls short of meeting his burden of demonstrating that he is entitled to equitable tolling and his petition is barred by the AEDPA's one-year limitations period. The 2255 Motion, together with the files and record in this case conclusively show that Petitioner is entitled to no relief. 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that the 2255 Motion may be resolved as time-barred without an evidentiary hearing. See *United States v. Morales-Dorantes*, No. 1:07-CR-295, 2014 WL 1338159 (W.D. Mich. Apr. 2, 2014) (holding no hearing necessary where the files and records conclusively show that defendant's time-barred motion entitles him to no relief under 28 U.S.C. § 2255).

IV.     CONCLUSION

For the reasons set forth herein, Petitioner's § 2255 motion [Doc. 95] will be **DENIED**.

V.      CERTIFICATE OF APPEALABILITY

The Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves his otherwise untimely petition. Nor would reasonable

jurists conclude that the timeliness or equitable tolling issues "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that jurists of reason would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court was correct in its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a Certificate of Appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER.

                                               */s/ Harry S. Mattice, Jr.*
                                               HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE